```
 1  JOSEPH P. RUSSONIELLO (CASBN 44332)
    United States Attorney
 2
    BRIAN J. STRETCH (CASBN 163973)
 3  Chief, Criminal Division

 4  GARY G. FRY (CASBN 85582)
    Assistant United States Attorney
 5
       150 Almaden Boulevard, Suite 900
 6     San Jose, California 95113
       Telephone: (408) 535-5061
 7
    Attorneys for Plaintiff
 8
```

FILED

MAY 02 2008

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT   ORIGINAL

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | No. 06-00800 JW |
|---|---|
| Plaintiff | **STIPULATION REGARDING IMPEACHMENT MATERIAL TO BE USED BY THE DEFENSE** |
| v. | |
| JOHN CARVALHO DINIZ | Date: Friday, May 2, 2008<br>Time: 9:00 a.m.<br>Court: Hon. James Ware |
| Defendant | |

Following a hearing heard held by the court pursuant to Fed. R. Ev. 103(c) the court ordered the parties to meet and confer and reach agreement to the extent possible on the impeachment material that the defendant may lawfully use to impeach the testimony of the victim in this case, Nuno Pinto. That meet and confer session has now occurred, and the parties hereby stipulate as follows:

**I. Conviction for False Statement to a Portuguese Judge**

The United States agrees that Mr. Pinto has been convicted of giving a false statement to a Portuguese judge. The parties agree that this is proper impeachment. The parties agree to refer to this as a conviction for "giving a false statement under oath" and not to refer to it as a conviction for "perjury."

## II. Impeachment Material Provided by Declaration of Celio Fernando Pereira da Rocha

1. <u>Nuno Pinto has no Driver's License</u>

    The parties agree that this is not probative if truthfulness or untruthfulness, and that pursuant to Fed. R. Ev. 608 it is not proper impeachment material. The defendant agrees that during cross examination of Mr. Pinto, he will not inquire into this matter. The parties further agree that if Mr. da Rocha testifies, he will not be asked about this matter.

2. <u>Nuno Pinto Had a Serious Problem in One Knee</u>

    The parties agree that this is not probative if truthfulness or untruthfulness. The defendant agrees that during cross examination of Mr. Pinto, he will not inquire into this matter. The parties further agree that if Mr. da Rocha testifies, he will not be asked about this matter.

3. <u>Nuno Pinto Had a Serious Problem With His Parents</u>

    The parties agree that as set forth in the declaration, this subject is not probative of truthfulness or untruthfulness. The parties agree that so long as neither Nuno Pinto not his mother, Maria Pinto "open the door" into this area on direct examination, that the defendant will not inquire into this area on cross examination. If defense counsel believes that either witness has opened the door, he agrees to notify the court and prosecutor in advance outside the hearing of the jury.

    Regardless of whether either witness opens the door, the parties agree that pursuant to Fed. R, Ev. 608(b) this may not be proved by extrinsic evidence, and therefore, Mr. da Rocha will not be asked about this during direct exam.

4. <u>Nuno Lived with a Homosexual Boy for One Month</u>

    The parties agree that this is not probative if truthfulness or untruthfulness. The defendant agrees that during cross examination of Mr. Pinto, he will not inquire into this matter. The parties further agree that if Mr. da Rocha testifies, he will not be asked about this matter.

5. <u>Nuno Didn't Have to Work Because Several Men Paid Him Well to Have Sex with Them</u>

    The parties agree that this is not probative if truthfulness or untruthfulness. The defendant agrees that during cross examination of Mr. Pinto, he will not inquire into this matter. The parties further agree that if Mr. da Rocha testifies, he will not be asked about this matter.

III. **The Declaration of Joao Felipe Leitao Leonardo Almeida Direitinho**

    1.    <u>Nuno Lacked Discipline and was Frequently Absent From Work</u>

The parties agree that this is not probative if truthfulness or untruthfulness. The defendant agrees that during cross examination of Mr. Pinto, he will not inquire into this matter. The parties further agree that if Mr. Direitinho testifies, he will not be asked about this matter.

    2.    <u>Nuno Said He Could Not Show Up For Work Because He Had Other Jobs</u>

The parties agree that this is not probative if truthfulness or untruthfulness. The defendant agrees that during cross examination of Mr. Pinto, he will not inquire into this matter. The parties further agree that if Mr. Direitinho testifies, he will not be asked about this matter.

    3.    <u>Mr. Direitinho's Opinion is That He is Untrustworthy and Misleading</u>

The parties agree that being "untrustworthy" is not probative of truthfulness or untruthfulness. Accordingly, the defendant agrees that that during cross examination of Mr. Pinto, he will not inquire into this matter. The parties further agree that if Mr. Direitinho testifies, he will not be asked about this matter.

The parties agree that as currently drafted, the declaration has insufficient detail to determine if the allegation that Mr. Pinto is "misleading" is proper impeachment. The parties agree that without more, this is not proper impeachment. Defense counsel reserves the right, and promises to, confer with his witness once he arrives in the U.S.A., and see if this might qualify as proper impeachment. If he concludes that it is, he agrees to notify the court and the prosecutor outside the presence of the jury, prior to attempting to impeach with this subject matter.

    4    <u>Nuno Took Mr. Direitinho's Motorcycle Without Permission, and Crashed it.</u>

The parties agree that this is not probative if truthfulness or untruthfulness. The defendant agrees that during cross examination of Mr. Pinto, he will not inquire into this matter. The parties further agree that if Mr. Direitinho testifies, he will not be asked about this matter.

    5.    <u>Hearsay Claim that Nuno Impersonated his Brother to Get a Bank Loan</u>

The parties agree that the declaration bases this allegation on a hearsay statement made to Mr. Direitinho. The defense counsel agrees to inquire of his witness and report the results back to the prosecutor. Both sides reserve their right to litigate this subject area further.

Stipulation Regarding Impeachment Material
[CR 06-00800 JW ]

6. <u>Nuno Drives Without a License, Insurance, and Auto Registration</u>

The parties agree that this is not probative if truthfulness or untruthfulness. The defendant agrees that during cross examination of Mr. Pinto, he will not inquire into this matter. The parties further agree that if Mr. Direitinho testifies, he will not be asked about this matter.

7. <u>Nuno Bought a Paint Gun and Only Paid for Half of it Because he Thought it was Defective.</u>

The parties agree that this is not probative if truthfulness or untruthfulness. The defendant agrees that during cross examination of Mr. Pinto, he will not inquire into this matter. The parties further agree that if Mr. Direitinho testifies, he will not be asked about this matter.

8. <u>Mr. Direitinho Never Trusted Nuno</u>

The parties agree that this is not probative if truthfulness or untruthfulness. The defendant agrees that during cross examination of Mr. Pinto, he will not inquire into this matter. The parties further agree that if Mr. Direitinho testifies, he will not be asked about this matter.

9. <u>Nuno was Asked to Resign Because No One Could Count on Him</u>

The parties agree that this is not probative if truthfulness or untruthfulness. The defendant agrees that during cross examination of Mr. Pinto, he will not inquire into this matter. The parties further agree that if Mr. Direitinho testifies, he will not be asked about this matter.

IT IS SO STIPULATED.

JOSEPH P. RUSSONIELLO
United States Attorney

_____
GARY G. FRY
JOSEPH FAZIOLI
Assistant United States Attorneys

Date: May 2, 2008

_____
DENNIS ALAN LEMPERT, ESQ.
Attorney for Defendant

Date: 5/2/08

Stipulation Regarding Impeachment Material
[CR 06-00800 JW]

4